Bockes, J.
We are of opinion that the nonsuit in this case was properly directed. It is not made apparent on the proof that the plaintiff’s intestate was himself free from contributory negligence. He was at work in close proximity to a rapidly revolving shaft. Did he in his forgetfulness negligently put himself in contact with the shaft, which may well have been the case, or so nearly in contact with it that the head of the “set screw” caught his clothing? NT) one saw the occurrence. Precisely how or under what action of the intestate—for his own action in whole or in part was the occasion of the injury—the accident happened, was not shown. Some of Ms clothing was wound around the shaft, as the witness states, from the south side of the “set screw,” towards the south of it, and some part on the “set screw.” But did the winding of his clothing commence on the shaft near the “set screw,” and in the winding cover the screw, or did the winding commence with the head of the screw, and because of its projection from *783 the collar in which it was set ? And in either case is it made to appear, even by just inference from the proof, that the intestate was free from negligence in placing himself in near and dangerous proximity to the shaft ? Just how the accident occurred—by what action of the intestate his clothing became entangled—was on the proof matter of conjecture, speculation, guess work. Then on the proof was it made to appear, even by fair intendment, that the intestate did not place himself thoughtlessly and carelessly in dangerous proximity to the revolving shaft ? If he did this, the action cannot be maintained; and is not this conclusion the reasonable one on the proof to the exclusion of any other more reasonable one? The learned judge did not, however, put his ruling on the question as to the intestate’s contributory negligence; but on the ground that there was no sufficient evidence submitted to charge the defendant with negligence in causing the injury; and in this ruling we are of the opinion he was right. The accident did not occur because of an imperfect and unsafe instrument or machine furnished to the intestate by the defendant for his use, the condition and danger of which in its use the intestate was unaware. The shafting was itself sound, and was the same in its construction as it had been for a long time, to the intestate’s knowledge. He must be presumed to have known of its condition, use and mode of construction, for he had equal knowledge, or means of obtaining equal knowledge, with the company in that regard. So he accepted the service in which he was engaged at the time of the accident subject to the risks incident to it. So, too, it is the settled rule of law that the master is not required to furnish to his servants the safest machinery in use, but only such as is reasonably safe. How it is urged that the accident occurred because of the improper manner in which the “set screw” was placed in the collar—that is, with a projecting head; and it is insisted that the shaft should have been located higher, or should have been boxed, or that the “ set screw” should have been of different form and differently set in the collar. But the defendant was not to be held to negligence in omitting these things.
Such is the doctrine of the law, as laid down in Clark v. Barnes (37 Hun, 389), and in Sweeney v. B. and J. E. Co. (101 N. Y., 520). In Clark v. Barnes the plaintiff slipped, fell against the uncovered cogs of a machine, and was thus injured. . It was held that the defendants were not guilty of negligence in allowing the floor to become slippery or in having the cogs uncovered. It was there said in the opinion of the court that there was no omission of proper appliances which were ordinarily used under similar circum *784 stances to prevent danger, and the remark is sustained by the citation of several cases in its support. The same may be said of the case in hand. So in Sweeney v. B. and J. F. Co., it was laid down that the master could not be required to provide for use other than ordinary machinery or with new appliances, or to elect between the expense of doing so • and the imposition of damages resulting to servants from the mere use of an older or different pattern. These decisions have, as we think, direct application in principle to the case under examination. As regards the location of the shaft near the top of the car on which the intestate was engaged, he saw it and knew of its proximity, and the danger of contact with or near approach to it. As to this danger he contracted with reference to it in entering into the service. As to the suggestion that the shaft should have been boxed, that is answered in the decision in Clark v. Barnes. As regards the “ set screw ” and its projecting head, it was not of unusual construction or setting, and was, too, within the observation of the intestate in the exercise by him of reasonable attention.
Several exceptions were taken to rulings on questions of evidence; but in the view we take of the case, those rulings present no ground of error.
A single further observation may not be out of place. It is claimed by the respondent’s counsel that even if negligence be admitted, the negligence was that of fellow servants in placing the car under the shaft at or near the collar in which the screw was set. We deem it unnecessary to examine this subject, resting the decision of the case, as did the trial court, on the point that the proof failed to make a case for the jury on the question of defendant’s negligence.
Judgment and order appealed from affirmed, with costs.
Learned and Landón, JJ., concur.